UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

    Plaintiff,

v.

NICOLE MILZ and THE GUIDANCE CENTER,

    Defendants.

_____/

Case No. 2:23-cv-12089
District Judge Bernard A. Friedman
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (ECF No. 11)**[1]

## I. Introduction

This is a civil case asserting claims under federal and state law related to mental health treatment. Plaintiff Dijon Townsend (Townsend), proceeding *pro se*, alleges that defendants The Guidance Center and one of its therapists, Nicole Milz (Milz), illegally failed to provide him with audio-only mental health treatment. *See* ECF No. 1. As will be explained, this is the second lawsuit Townsend has filed in this district against The Guidance Center and one of its therapists. The first

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

lawsuit is *Townsend v. The Guidance Center, et al.*, 23-cv-11188 (*Townsend I*), which was recently dismissed by the Honorable David M. Lawson on the recommendation of the undersigned. All pretrial matters in the instant case have also been referred to the undersigned. (ECF No. 16).

Before the Court is defendants' motion to dismiss. (ECF No. 11). The motion is fully briefed, (ECF Nos. 13, 17), and ready for consideration. For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED. If this recommendation is adopted, the case will be dismissed.

II. Background

A. *Townsend I*[2]

In *Townsend I*, Townsend alleged that The Guidance Center and therapist Belicia B. Romero (Romero) committed medical malpractice by failing to fulfill their legal duty to provide him with "needed mental health services." (ECF No. 1, PageID.1). Because Townsend was left untreated, he "suffered severe emotional and behavioral problems." (*Id.*). These problems led Townsend to endure multiple psychiatric hospitalizations. (*Id.*). Townsend is a Medicaid recipient and by failing to adequately treat him on an outpatient basis, The Guidance Center and Romero forced him to seek more expensive psychiatric care, thereby increasing the "cost to taxpayers." (*Id.*).

---

[2] All record citations in this subsection are to case number 23-cv-11188.

Attached to the complaint was an exhibit titled "Office of Recipient Rights Summary Report," which details a complaint filed by Townsend against Romero. (*Id.*, PageID.7-10).  It states that on February 7, 2023, Townsend called the hotline for "Detroit Wayne Integrated Health Network (DWIHN) Office of Recipient Rights (ORR)" and reported that "in December 2022 he requested a computer [t]ablet from [Romero] so that he could participate in [Z]oom appointments and he has not received the device." (*Id.*, PageID.7).  Townsend further reported that he spoke to Romero's supervisor Sara Young (Young) before calling the hotline and that "she advised him that [Romero] has the authority and responsibility to provide him with the [t]ablet." (*Id.*, PageID.7-8).

Recipient Right Investigator Krystal L. Copeland (Copeland) investigated Townsend's complaint to determine whether Romero violated MCL 330.1708(1), which provides that " '[a] recipient shall receive mental health services suited to his . . . condition.' " (*Id.*, PageID.7 (quoting MCL 330.1708(1)).

On February 14, 2023, Copeland conducted a telephonic interview of Romero. (*Id.*, PageID.7).  Romero admitted to a communication breakdown as well as failing to provide Townsend with a tablet and failing to follow up on the same. (*Id.*).

On February 27, 2023, Copeland conducted a telephonic interview of Townsend. (*Id.*, PageID.8).  Townsend said that he had not heard from anybody at

3

The Guidance Center since completing intake. (*Id.*). Townsend believed that he was supposed to receive a tablet so he could participate in weekly therapy sessions, but neither had occurred. (*Id.*).

On March 1, 2023, Copeland conducted a telephonic interview of Young. (*Id.*). Young "stated [that] the agency is not responsible for providing a tablet to members and it was a miscommunication that started with the intake department." (*Id.*). Young also said that Romero had not been having weekly therapy sessions with Townsend. (*Id.*). After reviewing relevant procedures and documents, Copeland found a lack of clarity regarding how a patient was supposed to obtain a tablet. (*Id.*).

Copeland reached the following conclusion under a preponderance of the evidence standard:

> [T]here is witness testimony to support the allegations [that] . . . Romero failed to provide [Townsend] with services suited to condition as required by [his] [individual plan of service (IPOS)] the weekly individual therapy sessions. There is no requirement by [T]he Guidance Center or [Townsend's] IPOS that [he] would have an IPAD for therapy. Therefore, the violation of [m]ental health services suited to conditions is substantiated.

(*Id.*, PageID.9). Copeland recommended "[f]air but firm disciplinary action for [Romero] in regards to Mental Health Services Suited to Condition (includes Chapter 4 Violations) substantiation[,]" but nothing regarding the failure to provide Townsend with a tablet. (*Id.*, PageID.10).

4

The Guidance Center and Romero moved to dismiss the complaint, arguing that Townsend failed to follow Michigan's requirements for filing a malpractice claim, failed to state any claims upon which relief could be granted, failed to plead fraud with particularity, and failed to properly state claims for breach of fiduciary duty and intentional infliction of emotional distress. (ECF No. 20). Following the completion of briefing, the undersigned issued a Report and Recommendation, recommending that The Guidance Center and Romero's motion be granted because "Townsend ha[d] failed to state any viable claims under federal or state law." (ECF No. 44, PageID.485). Judge Lawson entered an opinion and order adopting the Report and Recommendation and overruling Townsend's objections. (ECF No. 51). Judgment was entered on February 20, 2024. (ECF No. 52).

### B. Instant Lawsuit

The following facts are gleaned from the complaint.

On March 16, 2023, Townsend had a telephonic intake appointment with Milz. (ECF No. 1, PageID.1). During that appointment, Townsend agreed to start receiving mental health services from Milz. (*Id.*).

After Copeland determined that a violation occurred, Townsend told Milz that she had also violated his rights under MCL 330.1708 (right to mental health services suited to conditions) and 42 U.S.C. § 9501 (Mental Health Bill of Rights). (*Id.*, PageID.1-2). He also told Milz that she and The Guidance Center were

5

failing to abide by the public health emergency laws, which did not expire until May 11, 2023. (*Id.*, PageID.2). When Townsend directly asked Milz if he could receive mental health services by " 'telecommunication audio only,' " Milz told him no and terminated his services. (*Id.*).

C.  Defendants' Exhibits

As in *Townsend I*, even though defendants move for judgment on the pleadings, they attached exhibits to their motion that are not referenced by Townsend in the complaint and are not part of the court record for *Townsend I*. These exhibits are Townsend's treatment records from The Guidance Center, (ECF No. 20-7), corporate documents of The Guidance Center, (ECF No. 20-5), and Milz's professional license, (ECF No. 20-6).

When considering a motion for judgment on the pleadings, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may consider the corporate documents of The Guidance Center and Milz's professional license because they fall under the category of public records. However, the same is not true of the medical records.

While the Court has discretion to consider extrinsic evidence like the

6

medical records at issue here, if it does so, it must treat the motion as one for summary judgment and give all parties a reasonable opportunity to address or further develop the evidence. Fed. R. Civ. P. 12(d). Here, the undersigned is able to issue recommendations on the issues raised in defendants' motion without considering the medical records and converting the motion to one for summary judgment. *See Johnson v. Washington*, No. 20-11280, 2021 WL 1582421, at *5 (E.D. Mich. Mar. 25, 2021), *report and recommendation adopted*, 2021 WL 1575295 (E.D. Mich. Apr. 22, 2021) (declining to consider medical records submitted by defendants when a motion to dismiss could be decided on the complaint and attachments alone); *MacRury v. Am. Steamship Co.*, No. 16-cv-13889, 2017 WL 2953045, at *5 (E.D. Mich. July 11, 2017) (declining to consider medical records and convert a motion to dismiss to one for summary judgment when the records did not "substantially change the reasoning" of the court). Further, when dismissing *Townsend I*, Judge Lawson noted that Townsend's "medical records were not proper exhibits to support a motion for judgment on the pleadings." (Case No. 23-cv-11188, ECF 51, PageID.578). Thus, the undersigned will not consider the medical records when considering defendants' motion.

### III.   Legal Standard

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

8

(6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

A. Plaintiff's Claims

Townsend appears to be asserting a claim for medical malpractice as well as claims under MCL 330.1708 (right to mental health services suited to conditions), 42 U.S.C. § 9501 (Mental Health Bill of Rights), 18 U.S.C. § 242 (federally criminalizing the willful deprivation of someone's constitutional rights), and 18 U.S.C. § 245 (federally criminalizing the use or threat of force to willfully interfere with a person's participation in a federally protected activity because of race, color, religion, or national origin).[3] (ECF No. 1, PageID.2-3). Defendants request that

---

[3] In his response to the motion to dismiss, Townsend labels subsections as counts along with a type of cause of action, specifically negligence, intentional infliction of emotional distress, breach of fiduciary duty, and fraud. (ECF No. 13, PageID.177-180). He also references numerous other causes of actions and statutes in the conclusion. (*Id.*, PageID.185-186). However, Townsend cannot supplement the allegations in his complaint via his response to defendants' motion. *See Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."). Thus, the causes of actions and statutes only referenced in the response will not be further discussed.

9

the Court dismiss Townsend's "case for lack of subject matter jurisdiction[,]" or alternatively, "for failure to state a claim upon which relief may be granted and/or res judicata."[4] (ECF No. 11, PageID.73).

### B. Res Judicata – All Claims

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The doctrine of res judicata bars duplicative litigation based on the same event or events." *Pettaway v. Bobin*, No. 3:22-cv-00804, 2023 WL 1782243, at *3 (N.D. Ohio Feb. 6, 2023) (italics omitted). Where, as here, both lawsuits were brought in federal court, the "Court must apply federal principles of res judicata." *Bob Tatone Ford, Inc. v. Ford Motor Co.*, 140 Supp. 2d 817, 823 (S.D. Ohio 2000) (italics omitted).

> Under federal common law, res judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015) (cleaned up).

---

[4] While defendants' motion does not thoroughly address the application of res judicata, the undersigned nonetheless does so because a court can *sua sponte* raise res judicata when it is applicable. *Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (stating that a district court is "empowered to raise res judicata *sua sponte*" and "may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy").

Here, Townsend's first lawsuit resulted in a final decision on the merits. Judge Lawson entered an opinion and order dismissing the case under Rule 12(b)(6) for failure to state a claim and then entered a judgment closing the case. *Dumas v. Baldwin House Management*, No. 14–CV–12666, 2015 WL 630820, at *3 (E.D. Mich. Feb. 12, 2015) ("[A] Rule 12(b)(6) dismissal for failure to state a claim operates as a decision on the merits for res judicata purposes."). Both lawsuits named The Guidance Center as a defendant as well as one of the therapists that it employs. The first lawsuit named Romero while this lawsuit names Milz. Accordingly, both lawsuits involve the same parties (The Guidance Center) or their privies (Romero to Milz). *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (finding res judicata where second employment discrimination claim involved the same employer and employees as well as claims against three additional employees). Finally, both lawsuits involve the same events, specifically the failure of The Guidance Center and its therapists (Romero and Milz) to provide Townsend with mental health services suited to his conditions, meaning by either videoconferencing on a supplied tablet or telephonically. It does not matter for the purposes of res judicata whether Townsend's claims "here differ in theory from those that were previously addressed, they could and should have been litigated in the prior lawsuit." *Dumas*, 2015 WL 630820, at *3. Thus, all four factors having been met, all of Townsend's

11

claims are subject to dismissal on the doctrine of res judicata.

### C. Failure to State a Claim – Statutory Claims

Townsend appears to be bringing claims under MCL 330.1708 (right to mental health services suited to conditions) and 42 U.S.C. § 9501 (Mental Health Bill of Rights). However, as defendants correctly argue, neither of these statutes create private rights of action. MCL 330.1708 is part of the Michigan Mental Health Code, and the Michigan Court of Appeals has previously held that "the Mental Health Code did not independently confer upon plaintiff a cause of action." *Ackley by next friend Ackley v. Kingswood Hosp., Inc.*, No. 346350, 2020 WL 2501724, at *3 (Mich. Ct. App. May 14, 2020) (unpublished decision).[5] Similarly, another court in this district has determined that 42 U.S.C. § 9501 does not create individual federal rights enforceable under 42 U.S.C. § 1983. *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006). Thus, Townsend is unable to bring claims under MCL 330.1708 and 42 U.S.C. § 9501.

Townsend also attempts to state claims under 8 U.S.C. § 242 (federally criminalizing the willful deprivation of someone's constitutional rights) and 18 U.S.C. § 245 (federally criminalizing the use or threat of force to willfully interfere

---

[5] The undersigned acknowledges that under Michigan Court Rule 7.215(C)(1), "[a]n unpublished opinion [of the Michigan Court of Appeals] is not precedentially binding under the rule of stare decisis."

with a person's participation in a federally protected activity because of race, color, religion, or national origin), both of which are criminal statutes.

The Supreme Court "ha[s] been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). The Sixth Circuit has also long recognized that "the general rule is that a private right of action is not maintainable under a criminal statute." *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973). Further, courts have specifically held that no private rights of action exist under the statutes at issue here. *See, e.g., Banks–Bey v. Acxiom*, No. 1:09 CV 1249, 2010 WL 395221, at * 3-4 (N.D. Ohio Jan. 27, 2010) (stating that there is no private right of action under either 18 U.S.C. §§ 242 or 245). Accordingly, Townsend cannot bring claims under 18 U.S.C. §§ 242 and 245.

In sum, Townsend cannot state a claim under MCL 330.1708, 42 U.S.C. § 9501, 18 U.S.C. § 242, or 18 U.S.C. § 245 because none of these statutes provide private causes of action. Accordingly, all of Townsend's statutory claims can also be dismissed on this ground.

### D. Medical Malpractice Claim

Defendants argue that Townsend's allegations are best understood as an attempt to assert a claim for medical malpractice. The substance of a plaintiff's

13

claim, not its label, determines whether it sounds under medical malpractice or negligence. *Albright v. Christensen*, 24 F.4th 1039, 1043 (6th Cir. 2022) (citing *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26 (1999)). "[A] court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Id.* (citing *Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411 (2004)).

Claims against social workers acting in a professional capacity may sound under medical malpractice. *Neblett v. Henry Ford Health Sys.*, No. 256803, 2006 WL 234899, at *5 (Mich. Ct. App. Jan. 31, 2006) (unpublished opinion); *see also Est. of Jackson v. Schaub*, No. 11-15215-BC, 2012 WL 1622658, at *4 (E.D. Mich. May 9, 2012) (noting that counselors and social workers are licensed under Michigan's public health code, meaning claims against them can be said to have occurred within the course of a professional relationship). Here, Townsend's claim relates to his treatment by a social worker (Milz) acting within the course of a professional relationship with Townsend. Therefore, the first prong is met.

As to the second prong, Townsend alleges that his mental health care needs were left untreated. He specifically alleges that Milz refused to provide him with

14

audio-only mental health services in violation of state and federal law. Claims involving a lack of mental health treatment from a trained professional require "[m]edical judgment beyond the realm of a common knowledge and experience[.]" *Est. of Jackson*, at *4-5. Thus, the second prong is also met, meaning Townsend's claim sounds under medical malpractice.

Defendants ask that this Court dismiss Townsend's medical malpractice claim for lack of subject matter jurisdiction, as Townsend has failed to state any viable federal claim. While dismissal on this ground is permissible, the undersigned instead recommends that the entire action be dismissed with prejudice under the doctrine of res judicata as discussed above. Nonetheless, for the sake of completeness, subject matter jurisdiction is addressed below.

"When a federal district court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.' " *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 458 (2003). Section 1367(a) provides, in pertinent part, that:

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15

28 U.S.C. § 1367(a). And subsection (c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Section 1367(c)(3) is implicated here because the undersigned has recommended dismissal of all federal law claims. If this recommendation is adopted, it would typically require "unusual circumstances" to warrant the Court exercising jurisdiction over the remaining state law claim for medical malpractice. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255-57 (6th Cir. 1996). " '[U]nusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.' " *Id*. at 1255 (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)). Indeed, it has long been the law that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc.*, 89 F.3d at 1254-1255.

Here, defendants request that the medical malpractice claim be dismissed for lack of subject matter jurisdiction, suggesting that they will not be prejudiced by the dismissal of Townsend's claim on this ground. Thus, Townsend's claim for medical malpractice could be dismissed without prejudice to permit him to file it in state court. However, as previously stated, the undersigned recommends that the medical malpractice claim be dismissed under the doctrine of res judicata, which would lead to the dismissal of the claim *with* prejudice rather than *without* prejudice and thereby promote judicial economy.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss, (ECF No. 11), be GRANTED. If this recommendation is adopted, the case will be dismissed.

Dated: February 27, 2024　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2024.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager