UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

       Plaintiff,                    Civil Action No. 23-cv-12089
                                                HON. BERNARD A. FRIEDMAN
                                                MAG. KIMBERLY G. ALTMAN

v.

NICOLD MILZ and THE GUIDANCE
CENTER,

       Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS (ECF NO. 25) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS; ADOPTING REPORT AND RECOMMENDATION (ECF NO. 24); GRANTING MOTION TO DISMISS (ECF NO. 11); WITHDRAWING ORDER OF REFERENCE (ECF NO. 16); DENYING MOTION FOR LEAVE TO REQUEST CONSOLIDATION (ECF NO. 26); DENYING MOTION TO CONSOLIDATE (ECF NO. 27); DENYING MOTION FOR RECONSIDERATION (ECF NO. 29); AND ADDRESSING PETITION FOR WRIT OF MANDAMUS (ECF NO. 31)**

       This matter is before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge Kimberly G. Altman recommending that the Court grant the motion to dismiss filed by defendants Nicole Milz and The Guidance Center. (ECF No. 24). Plaintiff Dijon Townsend has filed objections to the R&R. (ECF No. 25). Defendants have not responded and the time to do so has expired. Townsend has also filed a motion seeking leave to request consolidation, (ECF No.

26), as well as a motion requesting consolidation, (ECF No. 27). Defendants have filed a response in opposition to the latter. (ECF No. 28). Townsend has additionally filed a motion for reconsideration, (ECF No. 29), and a petition for writ of mandamus, (ECF No. 31). The Court does not believe oral argument will aid in the resolution of the objections and motions and will not hold a hearing. E.D. Mich. LR 7.1(f)(2).

I. Background

Townsend's complaint alleges that the Guidance Center and one of its therapists, Milz, unlawfully failed to provide him with audio-only mental health treatment. (ECF No. 1). With reference to the complaint, Judge Altman determined that

> Townsend appears to be asserting a claim for medical malpractice as well as claims under MCL 330.1708 (right to mental health services suited to conditions), 42 U.S.C. § 9501 (Mental Health Bill of Rights), 18 U.S.C. § 242 (federally criminalizing the willful deprivation of someone's constitutional rights), and 18 U.S.C. § 245 (federally criminalizing the use or threat of force to willfully interfere with a person's participation in a federally protected activity because of race, color, religion, or national origin).

(ECF No. 24, PageID.267).[1]

---

[1] Judge Altman acknowledged that in his response to the motion to dismiss Townsend had identified several additional causes of action not presented in his original complaint. (ECF No. 24, PageID.267, n.3). She concluded, however, that he could not "supplement the allegations in his complaint via his response to defendants' motion." (*Id.*) (citing *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714,

2

As detailed in the R&R, this is the second lawsuit Townsend filed against The Guidance Center and one of its therapists. The first, 23-cv-11188 (*Townsend I*), was assigned to Judge David M. Lawson and was recently dismissed. (ECF No. 24, PageID.259-60). In *Townsend I*, Townsend alleged that The Guidance Center and therapist Belicia Romero unlawfully failed to provide him with needed mental health services, in particular by failing to provide him with a tablet so that he could participate in appointments by Zoom. (*Id.*, PageID.260-61).

In the present case, Judge Altman recommends dismissal of the complaint based on *res judicata*, or the doctrine that duplicative litigation is prohibited. (ECF No. 24, PageID.268-70). Separately and independently, she found that the statutory claims could be dismissed for failure to state a claim. (*Id.*, PageID.270-71). Finally, Judge Altman determined that what Townsend had labeled a negligence claim was in fact a medical malpractice claim. (*Id.*, PageID.271-75). Although indicating that it could be dismissed for lack of subject matter jurisdiction, Judge Altman instead recommended that the entire action be dismissed with prejudice under the doctrine of *res judicata*. (*Id.*, PageID.275).

Townsend has timely filed objections to the R&R. (ECF No. 25).

---

732 (E.D. Mich. 2003)). The Court absolutely concurs and will not discuss any causes of action not stated in Townsend's complaint.

II. Legal Standard

The timely filing of an objection to a report and recommendation requires this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, general objections are insufficient, and "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

III. Analysis

As suggested by the subheadings he offers, Townsend's objections relate to: (a) dismissal for lack of subject matter jurisdiction; (b) dismissal for failure to state a claim; (c) dismissal for reasons of judicial economy; (d) dismissal on grounds of *res judicata*; (e) determination that the negligence claim was in fact a claim for medical malpractice; and (f) general consideration of Townsend's mental health disorder. The Court will address each in turn.

*A. Dismissal for lack of subject matter jurisdiction*

First, Townsend urges that the R&R "erroneously concludes that this Court lacks subject matter jurisdiction over the present case." (ECF No. 25, PageID.277). But, he says, "this case presents federal questions under 42 USC 9501 and other federal provisions." (*Id.*). Apparently recognizing that only the

4

claim deemed to be a medical malpractice claim was recommended for dismissal due to lack of subject matter jurisdiction, he raises the concern that "the term 'Medical Malpractice' was not explicitly included in [his] original complaint." (*Id.*). Townsend goes on to urge that the Court may hear state law claims that are related to federal claims under the doctrine of supplemental jurisdiction. (*Id.*, PageID.277).

Also within this subheading Townsend notes that as a *pro se* litigant with a mental disability he is entitled to liberal construction of his pleadings and urges that under Federal Rule of Civil Procedure 8(d) he is permitted to present claims in the alternative. (*Id.*, PageID.278-79). Further, he argues that under *Conley v. Gibson*, 355 U.S. 41 (1957), his "complaint need not be exhaustive or prove the case at the outset." (*Id.*). He also asserts that Judge Altman acted with "an abuse of discretion and bias in the handling of [his] case" and that his "rights as a pro se plaintiff, particularly one with a mental disability, have not been adequately protected." (*Id.*, PageID.278).

As a preliminary matter: Townsend is correct that under Federal Rule of Civil Procedure 8(d) he may plead alternative and even inconsistent claims. But the R&R did not recommend dismissal due to the presentation of inconsistent or alternative theories. As to the pleading standards, the Supreme Court has explained that a complaint must contain "a short and plain statement of the claim

5

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While "detailed factual allegations" are not required, the plaintiff must provide "more than labels and conclusions." (*Id.*) (cleaned up). Townsend is also correct that as a *pro se* litigant the Court holds his complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Judge Altman explicitly noted this in her R&R, but also advised him that "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court conjure up unpled allegations." (ECF No. 24, PageID.266-67) (cleaned up). The Court sees no reason to believe that Judge Altman failed to read his complaint indulgently. Furthermore, other than the assertion itself, Townsend has not at all supported his allegation that Judge Altman acted with bias or otherwise abused her discretion in the handling of this case, and nor does the Court independently have any reason for concern on this front.

As to Townsend's contention that there were federal claims presented which conferred subject matter jurisdiction on the Court, the Court again agrees that the complaint facially included claims under federal law. However, the R&R did not recommend a wholesale dismissal for lack of any federal claims. Rather, Judge

6

Altman detailed why the allegations that Townsend labeled a "negligence" claim were in fact a claim for medical malpractice. (ECF No. 24, PageID.271-73). She then explained why retaining supplemental jurisdiction over the state law malpractice claim would require "unusual circumstances" (not present here) as she had already recommended dismissal of all of the federal law claims. (*Id.*, PageID.273-75).

Townsend only vaguely seems to assert that Judge Altman's determination on the malpractice claim was inappropriate because he did not include the term "medical malpractice" in his complaint. He does not, however, assign any particular error to the reasoning of the R&R. *See* (ECF No. 25, PageID.277-79). Again: vague or general objections are insufficient. *Howard*, 932 F.2d at 509.

Moreover, the Court agrees with Judge Altman's conclusion that the substance of a claim, rather than its label, determines whether it is appropriately characterized as a claim for negligence or medical malpractice. *Albright v. Christensen*, 24 F. 4th 1039, 1043 (6th Cir. 2022). Townsend offers no particular reason to question Judge Altman's determination that although he avoided using the term "medical malpractice" in his complaint, the substance of his claim is, in fact, one for malpractice rather than ordinary negligence.

Furthermore, regardless of whether Townsend's allegations sound in negligence or malpractice, both are state law claims. That is: either way, given

7

Judge Altman's recommendation to dismiss all of the federal law claims, Townsend would need to demonstrate unusual circumstances to justify this Court's retention of supplemental jurisdiction over only the state law claim. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). His objection does not address this issue at all.

And finally, the R&R explicitly recommends against dismissal of the malpractice claim on this ground, instead urging the Court to dismiss the entire action with prejudice under the doctrine of *res judicata*. As indicated below, the Court will follow this recommendation, and so any objection to the R&R's determination on the malpractice claim is moot.

In sum: the objection is moot but would be overruled even if it were not moot.

*B. Dismissal for failure to state a claim*

Townsend's second objection takes issue with Judge Altman's recommendation to dismiss the statutory claims for failure to state a claim. (ECF No. 25, PageID.279-81).

The R&R recommends dismissal of the statutory claims for two reasons. First, with regard to MCL 330.1708 (right to mental health services suited to

8

conditions) and 42 U.S.C. § 9501 (Mental Health Bill of Rights), Judge Altman explained that under existing caselaw, "neither of these statutes create private rights of action." (ECF No. 24, PageID.270). That is: a private citizen may not sue under these provisions. Second, with regard to 8 U.S.C. § 242 (federally criminalizing the willful deprivation of constitutional rights) and 18 U.S.C. § 245 (federally criminalizing the use or threat of force to willfully interfere with a person's participation in a federally protected activity because of race, color, religion, or national origin), Judge Altman concluded that there was no private right of action because these are *criminal* statutes. (*Id.*, PageID.270-71). That is: a private citizen may not sue under these provisions, either.

Townsend's objection does not seem to actually address Judge Altman's reasoning and conclusion, but rather reasserts his belief that he has "alleged facts sufficient to support a plausible claim for relief under 42 USC 9501 and 42 USC 1983 and other federal provisions, as well as under the relevant state law for MCL 330.1708." (ECF No. 25, PageID.279). He fails to engage at all with Judge Altman's determination that *there is no private cause of action* under these provisions. Rather, he repeats his arguments about the malpractice claim, supplemental jurisdiction, alternative theories of relief, pleading requirements, and other causes of action not presented in his complaint.

Thus, although there is a subheading titled "objection to dismissal for failure to state a claim," in reality the Court has not received any substantive challenge to Judge Altman's conclusion that the statutory claims could be dismissed for failure to state a claim. Accordingly, this portion of the objection is also overruled.

*C. Dismissal for reasons of judicial economy*

Third, Townsend objects to "dismissal for reasons of judicial economy," urging that "this comes in conflict with Rule 8(e) of the Federal Rules of Civil Procedure, which mandates that pleadings must be construed so as to do justice." (ECF No. 25, PageID.281).

But Townsend misreads the R&R. Judge Altman primarily recommended dismissal of the entire action with prejudice on the grounds of *res judicata*. She also recognized, however, that the statutory claims could alternatively be dismissed for failure to state a claim and that the medical malpractice claim (framed in the complaint as a negligence claim) could be dismissed as it was a state-law issue and there were no unusual circumstances justifying continued supplemental jurisdiction without any federal claims remaining. The complaint would be dismissed either way, but in order to promote judicial economy she recommended dismissal of the action under *res judicata* as the dismissal would occur with prejudice rather than without. That is: Judge Altman did not fail to construe the pleadings so as to do justice, as is required under Federal Rule of Civil Procedure 8(e). Instead she

found multiple, independently sufficient reasons to dismiss the complaint and made a recommendation as to which one the Court ought to utilize.[2]

Townsend then proceeds to again raise issues related to his *pro se* status, his mental health disorder, the medical malpractice claim, and pleading standards, (ECF No. 25, PageID.281-83), all of which the Court has already addressed.

The objection related to Judge Altman's reference to "judicial economy" is overruled.

*D. Dismissal on grounds of res judicata*

Fourth, Townsend submits an "objection to dismissal on grounds of *res judicata*." (*Id.*, PageID.283).

The R&R recommends dismissal of the entire action on the grounds of *res judicata*. Under that doctrine, a subsequent action is barred if the following four elements are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

---

[2] Judge Altman also indicated that "[w]hile defendants' motion does not thoroughly address the application of res judicata, the undersigned nonetheless does so because a court can *sua sponte* raise res judicata when it is applicable." (ECF No. 24, PageID.268, n.4) (citing *Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)). As the Sixth Circuit explained in that case, and as quoted in the R&R, "a district court may invoke the doctrine of res judicata in the interests of, *inter alia,* the promotion of judicial economy." *Holloway*, 891 F.2d at 1212.

*Rawe v. Liberty Mut. Fire Ins. Co.* 462 F.3d 521, 528 (6th Cir. 2006) (cleaned up). Judge Altman concluded that all four elements had been satisfied based on the dismissal of *Townsend I* and accordingly found that *res judicata* applied to bar this second suit. (ECF No. 24, PageID.268-270).

Townsend's first objection on the issue of *res judicata* attacks the first element of the doctrine, asserting that "the previous case was not adjudicated on its merits but on the pleadings. This should be considered an abuse of discretion, and thus *res judicata* should not apply." (ECF No. 25, PageID.283). In *Townsend I*, Judge Lawson granted defendants' motion for judgment on the pleadings and dismissed the case with prejudice. (Case No. 23-cv-11188, ECF No. 51). As recognized by no less an authority than the Supreme Court, "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n.3 (1981).[3] Accordingly, this objection lacks merit.

Second, Townsend urges that because he has raised "distinct causes of action" against Romero and Milz, "res judicata would not bar subsequent litigation based on different legal theories arising from the same underlying event." (ECF No. 25, PageID.283). But the Sixth Circuit has clearly foreclosed this argument.

---

[3] The Supreme Court addressed motions brought under Rule 12(b)(6), but the same standard is used to review motions brought under Rule 12(c) for judgment on the pleadings. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

"The fact that [Townsend] now asserts alternative theories of recovery and seeks a different remedy does not allow [him] to avoid claim preclusion, when those other theories could have been asserted and remedies could have been sought in the earlier action." *Rawe*, 462 F.3d at 529.

This objection then refers to a wide range of topics including the importance of due process, standing to sue, breach of contract, and Title VI. (ECF No. 25, PageID.283-84). As these are irrelevant to the R&R, the Court will not discuss them further.

The Court accordingly overrules Townsend's objection to the recommendation to dismiss the complaint with prejudice under the doctrine of *res judicata*.

*E. Determination that the negligence claim was in fact a claim for medical malpractice*

Townsend's next category of objection relates to the "report and recommendation [to] label [the] medical malpractice claim." (ECF No. 25, PageID.284). The Court has already addressed Judge Altman's determination that Townsend's allegations properly sound in medical malpractice, not negligence, and will not repeat that discussion here.

Also under this subheading, Townsend urges that "[t]he tight timeframes – 14 days to respond to the report and recommendation and 21 days to file an appeal

13

for the first complaint – have placed [him] in a difficult position" as they do "not allow for adequate consideration and thoughtful response or appeal, potentially infringing upon [his] rights to a fair trial and due process." (*Id.*, PageID.285). The Court observes that Townsend may always submit a motion requesting additional time to comply with Court deadlines, but that he did not do so in this case. To the contrary, far from using the allotted 14 days to file his objection to the R&R, he submitted his objections a mere 6 days after the R&R was entered. This does not suggest that Townsend required additional time to carefully consider his options or prepare a response.

Additionally under this subheading, Townsend asserts that a decision in *Townsend I* "was intentionally delayed" until this second complaint was filed, which "allowed for the application of *res judicata* to the second claim" and that this "does not seem fair or just." (*Id.*). Townsend offers no support for this accusation, and nor does it make sense. No party or judicial officer would be aware of Townsend's intention to file a second lawsuit except Townsend himself.

Throughout this subheading Townsend also repeats some of his earlier concerns regarding different legal theories, the medical malpractice claim, Title VI, and pleading standards. (*Id.*, PageID.285-88). Finally, he states his belief "that the judge had other options, such as remanding the case to the state court." (*Id.*, PageID.286). Here again, he misunderstands the law: only cases originally

14

brought in state court and "removed" to federal court are candidates for remand. *See* 28 U.S.C. § 1447 (discussing removal and remand generally). This case was originally brought in federal court, and remand was unavailable.

This subcategory of objection is overruled.

*F. General consideration of Townsend's mental health disorder*

Finally, Townsend requests that the Court take into account his status as a *pro se* litigant with mental health disabilities when reviewing his filings. (ECF No. 25, PageID.288). He says that his mental health disorder "sometimes affects [his] ability to articulate [his] claims as effectively as a legal professional might." (*Id.*). As the Court explained above: while *pro se* parties are certainly entitled to liberal construction of their filings, they are not exempt from basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor should a Court "conjure allegations on a litigant's behalf" or "guess at the nature of the claim asserted." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells*, 891 F.2d at 594.

Having conducted a *de novo* review of the materials in this case, the Court concludes that all of the objections must be overruled as they are vague, general, and without merit. The R&R is adopted and the motion to dismiss granted.

IV.     Townsend's Additional Filings

As indicated above, Townsend also filed a plethora of additional documents after submitting his objections. The Court will address them in the order in which they appear on the docket.

His motion for leave to request consolidation, (ECF No. 26), and motion to consolidate, (ECF No. 27), seek to consolidate the instant case with *Townsend I*. Because both cases have now been dismissed, the issue is moot. If Townsend wishes to consolidate the cases for purposes of appeal, he is advised to make that request to the Sixth Circuit.

His motion for reconsideration, (ECF No. 29), must also be denied. First, the Court observes that the motion is addressed to the undersigned, Magistrate Judge Altman, and the Judges of the Court of Appeals. (ECF No. 29, PageID.329). Any arguments Townsend wishes to present to the Sixth Circuit Court of Appeals should be filed in that court. Second, in so far as the motion is directed to the undersigned, it is in effect seeking a second bite at the apple as to Townsend's concerns with the R&R. He filed his extensive objections but now apparently seeks to raise additional issues by giving this filing a different name. Generally, the Court frowns upon such end-run efforts. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding that a motion for reconsideration is not the proper place to reargue the case or to raise

16

arguments that could and should have been made earlier). Third, to the extent Townsend repeats his earlier objections to the R&R, the Court overrules them for the reasons stated above. To the extent Townsend raises concerns about issues not addressed in the R&R (such as his belief that he was defamed by defendants' allegedly contradictory pleadings, his assertion that any contradictions should be viewed as fraud on the court, and his claim that defendants committed perjury), the Court declines to address the issues as they are irrelevant to the disposition of this matter. The complaint will be dismissed, as recommended by Magistrate Judge Altman, under the doctrine of *res judicata*; a motion for reconsideration is not the correct vehicle to raise all of these ancillary issues. Townsend is again reminded that the motion to dismiss attacked the allegations in the complaint and he may not supplement those allegations in later filings.

Finally, Townsend submitted a document titled "petition for writ of mandamus" addressed to the "Circuit Court clerk." (ECF No. 31, PageID.341). He is again advised that issues he wishes to have considered by the Sixth Circuit Court of Appeals should be filed in that court.

Accordingly, it is hereby,

ORDERED that Magistrate Judge Altman's report and recommendation, (ECF No. 24), is ADOPTED AND ACCEPTED as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff Townsend's objections to the report and recommendation, (ECF No. 25), are OVERRULED.

IT IS FURTHER ORDERED that defendants' motion to dismiss, (ECF No. 11), is GRANTED.

IT IS FURTHER ORDERED that the Order referring all pretrial matters to Magistrate Judge Altman, (ECF No. 16), is withdrawn.

IT IS FURTHER ORDERED that the motion for leave to request consolidation, (ECF No. 26), is DENIED.

IT IS FURTHER ORDERED that the motion to consolidate, (ECF No. 27), is DENIED.

IT IS FURTHER ORDERED that the motion for reconsideration, (ECF No. 29), is DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED WITH PREJUDICE.

**SO ORDERED.**

Dated: March 22, 2024　　　　　　　　　　s/Bernard A. Friedman
　　Detroit, Michigan　　　　　　　　　　Bernard A. Friedman
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 22, 2024.

**Dijon Townsend**　　　　　　　　　　　　s/Johnetta M. Curry-Williams
22083 Dale　　　　　　　　　　　　　　　Case Manager
Brownstown, MI 48183